UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

RONALD REGAN and JAMAHL BUSH

                    Plaintiffs,

-against-

THE CITY OF NEW YORK, DETECTIVE
DANIEL PANCHYN, Shield #233, DETECTIVE
CHRISTOPHER S. CLARK, Shield #7238,
DETECTIVE DEAN CAMPBELL, Shield #1220,
POLICE OFFICER KENNETH FARRELL,
POLICE OFFICERS JOHN/JANE DOE(S) #s 1-10

                    Defendants.
_____X

**SECOND AMENDED COMPLAINT**

PLAINTIFFS DEMAND TRIAL BY JURY

Case # 16-cv-6098

PLAINTIFFS RONALD REGAN and JAHMAL BUSH, by their attorney DAVID A. ZELMAN, ESQ., for their COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which PLAINTIFFS RONALD REGAN (hereinafter "REGAN" or "PLAINTIFF") and JAMAHL BUSH (hereinafter "BUSH" or "PLAINTIFF") seek damages to redress the deprivation, under color of state law, of rights secured to them under the Fourth and Fourteenth Amendments of the United States Constitution. On or about October 10, 2015, at approximately 4:30 A.M., at or near Belmont Avenue and Sackman Street, Brooklyn, NY, REGAN was assaulted by Defendants. It is alleged that Defendants assaulted REGAN in violation of his constitutional rights. As a result of the excessive force used by Defendants, REGAN suffered physical injuries and garden variety psychological suffering.

1

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. REGAN has at all times relevant hereto resided in Kings County.

4. BUSH has at all times relevant hereto resided in Kings County.

5. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

6. Defendant DETECTIVE DANIEL PANCHYN, Shield #233 (hereinafter "PANCHYN") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

7. Defendant DETECTIVE CHRISTOPHER S. CLARK, Shield #7238 (hereinafter "CLARK") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

8. Defendant DETECTIVE DEAN CAMPBELL, Shield #1220 (hereinafter "CAMPBELL") was an NYPD detective, and at all times relevant hereto, acted in that

capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

9. Defendant POLICE OFFICER KENNETH FARRELL (hereinafter "FARRELL") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

10. At all relevant times hereto, Defendants PANCHYN, CLARK, CAMPBELL and/or FARRELL were acting under the color of state and local law. Defendants PANCHYN, CLARK, CAMPBELL and/or FARRELL are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

11. Defendants JANE and JOHN DOES (hereinafter "DOES") are currently unidentified NYPD employees at the time of this incident, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his or her employment. They are sued individually and in their capacity as NYPD employees.

IV. FACTS

REGARDING REGAN

12. On or about October 10, 2015, at approximately 4:30 A.M., REGAN was at or near Belmont Avenue and Sackman Street, Brooklyn, NY, when he was approached by plainclothes Defendants New York Police Department Police Officers, including but not

limited to PANCHYN, CLARK and CAMPBELL.

13. Defendants then detained and assaulted REGAN.

14. Defendants used excessive force in forcibly arresting REGAN causing physical injuries and garden variety emotional injuries.

15. REGAN was taken to Brookdale Hospital immediately following the incident.

16. That heretofore and on the 11th day of December, 2015, REGAN's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and address of REGAN, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

17. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## REGARDING BUSH

18. BUSH was lawfully present at the aforementioned time, date and place when Defendants detained and assaulted REGAN.

19. Defendants, including but not limited to PANCHYN, CLARK, CAMPBELL and FARRELL detained and arrested BUSH without probable cause.

20. Defendants assaulted BUSH and seized him with excessive force in that they struck him with a baton and shocked him with a TASER causing him to suffer physical and emotional injuries.

21. Thereafter, BUSH was transported to Brookdale Hospital. BUSH required surgery to

remove the TASER leads. BUSH was confined to Brookdale for approximately 3 hours.

22. Thereafter BUSH was transported to the 81st Precinct. BUSH was confined to the Precinct for approximately 3 hours.

23. Thereafter BUSH was transported to Kings County Central Booking.

24. On or about October 11, 2015 BUSH was arraigned in Kings County Criminal Court. BUSH was charged with: NYPL 120.05(3) Assault in the Second Degree; NYPL 120.00(1) Assault in the Third Degree; NYPL 195.05 Obstructing Governmental Administration in the Second Degree; NYPL 205.30 Resisting Arrest; and NYPL 240.36(1) Harassment in the Second Degree. On April 29, 2016 all charges were dismissed pursuant to NY CPL 30.30 when the Kings County District Attorney's Office failed to timely declare readiness for trial. BUSH was required to appear in court 3 times in relation to the aforementioned charges.

## V. FIRST CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

25. Paragraphs 1 through 24 are hereby realleged and incorporated by reference herein.

26. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

27. That Defendants had no legal cause or reason to use excessive force.

28. That Defendants violated Plaintiffs' Fourth and Fourteenth Amendment rights to be free from unreasonable seizures when they used excessive force against him.

29. That at the time of the seizure, Plaintiffs did not pose a threat to the safety of the arresting officers.

5

30. That Plaintiffs were not actively resisting arrest or attempting to evade arrest.

31. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiffs to excessive force.

32. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

33. That by reason of Defendants' acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to excessive force, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

34. That upon information and belief, in 2015, Defendant CITY had a policy or routine practice of using excessive force when effectuating arrests. Plaintiff specifically alleges causes of action pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658.

35. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

36. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

37. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees

and were the cause of the violations of Plaintiffs' rights alleged herein.

38. By reason of the foregoing, Plaintiff suffered physical injuries, garden variety emotional injuries, economic injury, humiliation, damage to reputation, and other garden variety psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to State Law (Assault and Battery)

39. Paragraphs 1 through 38 are hereby realleged and incorporated by reference herein.

40. That Defendants intended to cause harmful bodily contact to REGAN.

41. That Defendants, in a hostile manner, voluntarily caused REGAN's injuries.

42. That Defendants' contact with REGAN constituted a battery in violation of the laws of the State of New York.

43. That upon information and belief, in 2015, Defendant CITY had a policy or routine practice of using excessive force when effectuating arrests. Plaintiff specifically alleges causes of action pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658.

44. That by reason of the foregoing, REGAN suffered physical injuries, garden variety emotional injuries, economic injury, humiliation, damage to reputation, and other garden variety psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to §1983 (FAILURE TO INTERVENE)

45. Paragraphs 1 through 44 are hereby realleged and incorporated by reference herein.

46. That Defendants failed to intervene when Defendants knew or should have known that Plaintiffs' constitutional rights were being violated.

47. That Defendants had a realistic opportunity to intervene on behalf of Plaintiffs, whose constitutional rights were being violated in their presence.

48. That a reasonable person in the Defendants' position would know that Plaintiffs' constitutional rights were being violated.

49. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when they failed to intervene to protect them from Defendants' violation of Plaintiffs' constitutional rights pursuant to Fourteenth Amendment of the United States Constitution.

50. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from violations of constitutional rights by police officers. Thus, as a result of the above described policies and customs, Plaintiffs were not protected from Defendants' unconstitutional actions.

51. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

52. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

53. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of Plaintiffs' rights alleged herein.

54. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

55. That by reason of the foregoing, Plaintiffs suffered physical injuries and garden variety psychological injuries, economic damages, damage to reputation and indignity. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

56. Paragraphs 1 through 55 are hereby realleged and incorporated by reference herein.

57. That Defendants were acting in furtherance of the duties owed to their employer, Defendant CITY.

58. That at all times Defendants were acting within the scope of their employment.

59. That Defendant CITY was able to exercise control over Defendant officers' activities.

60. That Defendant CITY is liable for Defendants' actions under the doctrine of respondeat superior. By reason of the foregoing, REGAN suffered physical injuries, garden variety emotional injuries, economic injury, humiliation, and damage to reputation. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
Pursuant to §1983 (FALSE ARREST)

61. Paragraphs 1 through 60 are hereby realleged and incorporated by reference herein.

62. That Defendants had neither valid evidence for the arrest of BUSH nor legal cause or

excuse to seize and detain him.

63. That in detaining BUSH without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. BUSH was but one of those persons.

64. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees. Plaintiff specifically alleges causes of action pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658

65. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

66. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of BUSH's rights alleged herein.

67. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of BUSH's

rights, subjected BUSH to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

68. By reason of the foregoing, BUSH suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

X. SIXTH CAUSE OF ACTION
Pursuant to §1983 (Malicious Prosecution)

69. Paragraphs 1 through 68 are hereby realleged and incorporated by reference herein.

70. That Defendants, with malicious intent, arrested BUSH and initiated a criminal proceeding despite the knowledge that BUSH had committed no crime.

71. That all charges against BUSH were terminated in his favor.

72. That there was no probable cause for the arrest and criminal proceeding.

73. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of BUSH'S rights, deprived BUSH of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

74. That upon information and belief, Defendants had a policy and/or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, BUSH was maliciously prosecuted despite the fact that he had committed no violation of the law. Plaintiff specifically alleges causes of action pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658.

75. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

76. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

77. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of BUSH's rights alleged herein.

78. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

79. That by reason of the foregoing, BUSH suffered physical and psychological injuries, mental anguish, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### XI. SEVENTH CAUSE OF ACTION
Pursuant to §1983 (Denial of Fair Trial)

80. Paragraphs 1 through 79 are hereby realleged and incorporated by reference herein.

81. By fabricating evidence, defendants violated BUSH's constitutional right to a fair trial.

82. Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

83. As a result of the above constitutionally impermissible conduct, BUSH was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

84. That upon information and belief, in 2015, Defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit. Plaintiff specifically alleges causes of action pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658.

85. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

86. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

87. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of BUSH's rights alleged herein.

88. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

89. That by reason of the foregoing, BUSH suffered physical and psychological injuries, mental anguish, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, REGAN and BUSH have suffered and will continue to suffer, physical pain, garden variety emotional pain, inconvenience, loss of liberty, damage to reputation, shame, humiliation, terror, loss of enjoyment of life and other non-pecuniary losses. REGAN and BUSH have further experienced severe physical distress.

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

1. Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiffs interest from October 10, 2015 and

4. Awarding Plaintiffs reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as this Court seems proper.

DATED: Brooklyn, New York
June 13, 2017

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072

To: Melissa Wachs, Esq.

New York City Law Department
Attorney for Defendant CITY OF NEW YORK
100 Church Street. Room 3-217
New York, NY 10007

Det. Daniel Panchyn
Gang Brooklyn North
30 Ralph Ave.
Brooklyn, New York 11221

Det. Christopher S. Clark
Gang Brooklyn North
30 Ralph Ave.
Brooklyn, New York 11221

Det. Dean Campbell
Gang Brooklyn North
1 Police Plaza, room 1310
New York, New York 10007

Police Officer Kenneth Farrell
107th Precinct
7101 Parsons Blvd
Flushing, New York 11365

PO John/Jane Doe(s) #1-10
1 Police Plaza
New York, New York 10038